IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CYNTHIA COOKSIE,

      Plaintiff,                       No. CIV S-12-0681 LKK CKD PS

   vs.

PACIFIC GAS & ELECTRIC et al.,

      Defendants.               ORDER

_____/

       In this action filed on March 19, 2012, pro se plaintiff Cynthia Cooksie has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). (See Dkt. No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

       The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.

6   To avoid dismissal for failure to state a claim, a complaint must contain more than
7   "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a
8   cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
9   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
11  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
12  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
13  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
14  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
15  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
16  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
17  Rhodes, 416 U.S. 232, 236 (1974).

18  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
19  520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it
20  is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in
21  forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v.
22  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

23  In this case, plaintiff alleges that she had been a customer service representative
24  for defendant Pacific Gas and Electric ("PG&E") for approximately 15 years.  According to
25  plaintiff, she submitted a request to work additional hours, which was approved.  However,
26  despite a company policy to provide 24 hours' notice of approvals of such requests, plaintiff

allegedly did not receive e-mail notification of the approval until she returned from her regularly scheduled day off and was consequently late for work according to the new schedule.  Plaintiff was subsequently terminated in the presence of her union representative from the IBEW Local 1245 union.  The union representative later informed plaintiff that there was nothing they could do for her, because the paperwork completed by plaintiff's supervisor stated that she was "unsuitable."  Plaintiff contends that she was not provided with accurate representation from the union or the management of PG&E and that she was unfairly terminated.  The complaint purports to state a claim for wrongful termination against PG&E and the union.  (See Dkt. No. 1.)

The court is unable to determine a jurisdictional basis for this action.  A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 537-38 (1974).

     For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369 U.S. 186, 198 (1962).

     Ordinarily, wrongful termination actions arise under state law and are heard in state court, unless a federal claim is raised or diversity jurisdiction exists.  Here, plaintiff alleges that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, but does not identify any federal claim.  Accordingly, the court will dismiss plaintiff's complaint, but with leave to amend.  If plaintiff chooses to amend, the amended complaint shall set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  E.D. Cal. L.R. 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

     In accordance with the above, IT IS HEREBY ORDERED that:

     1. Plaintiff's request to proceed in forma pauperis (dkt. no. 2) is granted.

     2. Plaintiff's complaint is dismissed with leave to amend.

\\\\\

3. Plaintiff is granted 28 days from the date of service of this order to file an amended complaint in accordance with this order curing the deficiencies outlined above. The amended complaint shall bear the docket number assigned to this case and shall be labeled "First Amended Complaint." Plaintiff must file an original and two copies of any amended complaint.

4. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).

Dated: March 21, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
Cooksie.681.ifp-lta.wpd