1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CYNTHIA COOKSIE,

11            Plaintiff,              No. CIV S-12-681 LKK CKD PS

12        vs.

13   PACIFIC GAS & ELECTRIC et al.,

14            Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is proceeding pro se and in forma pauperis in this action, originally filed

17   on March 19, 2012, which was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant

18   to 28 U.S.C. § 636(b)(1).

19            According to plaintiff's original complaint, plaintiff had been a customer service

20   representative for defendant Pacific Gas and Electric ("PG&E") for approximately 15 years.

21   When she submitted a request to work additional hours, it was approved.  However, despite a

22   company policy to provide 24 hours' notice of approvals of such requests, plaintiff allegedly did

23   not receive e-mail notification of the approval until she returned from her regularly scheduled

24   day off and was consequently late for work according to the new schedule.  Plaintiff was

25   subsequently terminated in the presence of her union representative from the IBEW Local 1245

26   union.  The union representative later informed plaintiff that there was nothing they could do for

1   her, because the paperwork completed by plaintiff's supervisor stated that she was "unsuitable."

2   Plaintiff contends that she was not provided with accurate representation from the union or the

3   management of PG&E and that she was unfairly terminated.  The complaint purports to state a

4   claim for wrongful termination against PG&E and the union.  (See Dkt. No. 1.)

5           By order filed March 22, 2012, the court dismissed plaintiff's complaint with

6   leave to amend.  (See Dkt. No. 3.)  The court found that it was unable to determine a

7   jurisdictional basis for the action.  The court explained that, ordinarily, wrongful termination

8   actions arise under state law and are heard in state court, unless a federal claim is raised or

9   diversity jurisdiction exists.  In this case, plaintiff alleged that this court has federal question

10   jurisdiction pursuant to 28 U.S.C. § 1331, but did not identify any federal claim.

11           Therefore, the court granted plaintiff 28 days from the date of service of the order

12   to file an amended complaint that demonstrates how the defendants' conduct has resulted in a

13   deprivation of plaintiff's federal rights.  Plaintiff was cautioned that failure to file an amended

14   complaint within that time period would result in a recommendation that this action be

15   dismissed.  The specified time period has now passed, and plaintiff has not filed an amended

16   complaint in accordance with the court's order.  Accordingly, IT IS HEREBY

17   RECOMMENDED that this action be dismissed without prejudice.  See Local Rule 110; Fed. R.

18   Civ. P. 41(b).

19           These findings and recommendations will be submitted to the United States

20   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

21   fourteen days after being served with these findings and recommendations, plaintiff may file

22   written objections with the court.  The document should be captioned "Objections to Magistrate

23   ////

24   ////

25   ////

26   ////

Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 Dated: April 27, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
Cooksie.681.fr.wpd