IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CYNTHIA COOKSIE,

    Plaintiff,                              No. CIV S-12-681 LKK CKD PS

    vs.

PACIFIC GAS & ELECTRIC et al.,

    Defendants.                     FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding pro se and in forma pauperis in this action, originally filed on March 19, 2012, which was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        According to plaintiff's original complaint, plaintiff had been a customer service representative for defendant Pacific Gas and Electric ("PG&E") for approximately 15 years. When she submitted a request to work additional hours, it was approved. However, despite a company policy to provide 24 hours' notice of approvals of such requests, plaintiff allegedly did not receive e-mail notification of the approval until she returned from her regularly scheduled day off and was consequently late for work according to the new schedule. Plaintiff was subsequently terminated in the presence of her union representative from the IBEW Local 1245 union. The union representative later informed plaintiff that there was nothing they could do for

her, because the paperwork completed by plaintiff's supervisor stated that she was "unsuitable." Plaintiff contends that she was not provided with accurate representation from the union or the management of PG&E and that she was unfairly terminated. The complaint purports to state a claim for wrongful termination against PG&E and the union. (See Dkt. No. 1.)

By order filed March 22, 2012, the court dismissed plaintiff's complaint with leave to amend. (See Dkt. No. 3.) The court found that it was unable to determine a jurisdictional basis for the action. The court explained that, ordinarily, wrongful termination actions arise under state law and are heard in state court, unless a federal claim is raised or diversity jurisdiction exists. In this case, plaintiff alleged that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, but did not identify any federal claim.

Therefore, the court granted plaintiff 28 days from the date of service of the order to file an amended complaint that demonstrates how the defendants' conduct has resulted in a deprivation of plaintiff's federal rights. Plaintiff was cautioned that failure to file an amended complaint within that time period would result in a recommendation that this action be dismissed. The specified time period has now passed, and plaintiff has not filed an amended complaint in accordance with the court's order. Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate

////
////
////
////

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 27, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
Cooksie.681.fr.wpd